RALEIGH FITKIN-PAUL MORGAN MEMORIAL HOSPITAL AND ANN MAY MEMORIAL FOUNDATION IN THE TOWN OF NEPTUNE, NEW JERSEY, GENERALLY KNOWN AS THE FITKIN MEMORIAL HOSPITAL, PLAINTIFF-APPELLANT, v. WILLIMINA ANDERSON AND STUART ANDERSON, HER HUSBAND, DEFENDANTS-RESPONDENTS.

Argued June 17, 1964—Decided June 17, 1964.
Certiorari Denied June 19, 1964. See 84 S. Ct. 1894.

*Mr. Eugene W. Landy* argued the cause for appellant (*Messrs. Carton, Nary, Witt & Arvanitis,* attorneys).

*Mr. W. Glen How, Q. C.,* of the Canadian bar argued the cause for respondents (*Messrs. Meth & Wood,* attorneys; *Mr. Theodore S. Meth,* of counsel).

*Mr. John J. Rafferty* filed a brief *amicus curiae* on behalf of New Jersey Catholic Hospital Association and New Jersey Catholic Conference.

PER CURIAM. The plaintiff hospital brought an action in the Chancery Division of the Superior Court seeking authority to administer blood transfusions to the defendant Willimina Anderson in the event that such transfusions should be necessary to save her life and the life of her unborn child. The child is quick, the pregnancy being beyond the 32nd week. Mrs. Anderson had notified the hospital that she did not wish blood transfusions for the reason that they would be contrary to her religious conviction as a Jehovah's Witness.

The evidence establishes a probability that at some point in the pregnancy Mrs. Anderson will hemorrhage severely and that both she and the unborn child will die unless a blood transfusion is administered.

The trial court held that the judiciary could not thus intervene in the case of an adult or with respect to an unborn child. Because of the likely emergency we directed immediate argument of the hospital's appeal. At the argument we were advised that Mrs. Anderson left the hospital yesterday against the advice of the attending physician and the hospital. It is doubtful whether the hospital has a remaining interest but the parties request the court to determine the issues and since it is likely that the matter would arise again at the instance of an interested party we have decided to do so.

In *State v. Perricone*, 37 *N. J.* 463 (1962), we held that the State's concern for the welfare of an infant justified blood transfusions notwithstanding the objection of its parents who were also Jehovah's Witnesses, and in *Smith v. Brennan*, 31 *N. J.* 353 (1960), we held that a child could sue for injuries negligently inflicted upon it prior to birth. We are satisfied that the unborn child is entitled to the law's protection and that an appropriate order should be made to insure blood transfusions to the mother in the event that they are necessary in the opinion of the physician in charge at the time.

We have no difficulty in so deciding with respect to the infant child. The more difficult question is whether an adult may be compelled to submit to such medical procedures when necessary to save his life. Here we think it is unnecessary to decide that question in broad terms because the welfare of the child and the mother are so intertwined and inseparable that it would be impracticable to attempt to distinguish between them with respect to the sundry factual patterns which may develop. The blood transfusions (including transfusions made necessary by the delivery) may be administered if necessary to save her life or the life of her child, as the physician in charge at the time may determine.

The judgment is accordingly reversed and the matter remanded to the trial court with directions (1) to appoint a special guardian for the infant; (2) to substitute such guardian as party plaintiff; (3) to order the guardian to consent to such blood transfusions as may be required and seek such other relief as may be necessary to preserve the lives of the mother and the child; and (4) to direct the mother to submit to such blood transfusions and to restrain the defendant husband from interfering therewith.

The mandate shall issue forthwith. No costs. The application for stay is denied.

*For reversal* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, HALL, SCHETTINO and HANEMAN—6.

*For affirmance*—None.